UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES PETTUS, 03-R-3597,

                Plaintiff,

        v.

M.D. LESTER WRIGHT, et al.,

                Defendants.

_____

<u>DECISION & ORDER</u>

04-CV-6203L

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by subjecting him to cruel and unusual punishment and by acting with deliberate indifference to his medical needs. (Docket # 1).  Currently before this Court are the following motions filed by plaintiff:  a motion to compel the Department of Correctional Services ("DOCS") to provide the United States Marshal's Service with an alternate address for defendant Kamal Pathak so that he may be served with the Summons and Complaint in this matter (Docket # 9); a motion to supplement his Complaint by adding certain medical records as exhibits to the Complaint (Docket # 10); a motion to amend his Complaint and for an evidentiary hearing (Docket # 13); various motions to compel defendants to make arrangements for an MRI (magnetic resonance imaging) to be conducted of plaintiff's brain (Docket ## 15, 16 and 21); and, various motions for appointment of counsel (Docket ## 12, 13 and 16).  For the following reasons, certain of plaintiff's motions are granted and certain are denied.

With respect to the issue of service on defendant Kamal Pathak, it appears that the United States Marshal's Service attempted unsuccessfully to serve him at the Elmira Correctional Facility.  Having been notified by plaintiff of the unsuccessful efforts to effect service, counsel for defendant did provide an alternate address for defendant by letter to the United States Marshal for the Western District dated February 14, 2005.  It is unclear why service has not been effected since that time.  This Court recently has communicated with the United States Marshal's Service and has been advised that service will be attempted at the new address in the near future. Accordingly, because an alternate address already has been provided, plaintiff's motion is denied as moot except insofar as he is granted an extension of time to effect service until October 14, 2005, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]  Should service not be effected before such date, plaintiff may serve and file a motion for a further extension. Accordingly, plaintiff's motion (**Docket # 9**) is **GRANTED IN PART** and **DENIED IN PART**.

As noted, plaintiff has filed various motions relating to his Complaint; namely, a motion to supplement to add eight pages of his medical records as exhibits to the Complaint (Docket # 10) and a motion to amend his Complaint and for an evidentiary hearing (Docket # 13).  Plaintiff's motion to supplement (**Docket # 10**) is **GRANTED**, and the Clerk of the Court is directed to add the documents attached to his motion (Docket # 10) as exhibits to plaintiff's Complaint.  The latter motion (**Docket # 13**) is **DENIED** because plaintiff has failed to specify the manner in which he seeks to amend his Complaint, nor has he submitted a copy of his proposed amended complaint.  Similarly, he has failed to specify any reasons why he believes an

---

[1] For the same reasons, plaintiff's motion, filed on January 12, 2005, for an extension of time to serve the Summons and Complaint (**Docket # 12**) is **GRANTED**.

2

evidentiary hearing is necessary or important to determination of any issues in this case. Absent

such a showing, the request is denied at this time.

Following the filing of his Complaint, plaintiff moved, on three separate

occasions (Docket ## 15, 16 and 21), to compel the defendants to conduct certain medical tests

on him. Specifically, plaintiff requested an order requiring the plaintiff be referred to a medical

provider not employed by DOCS to conduct magnetic resonance imaging of his brain and an

"IAC with contrast."[2] According to plaintiff, such tests had been ordered but were not performed

prior to his transfer to Elmira Correctional Facility from a facility downstate. Following a

conference with this Court, defendants agreed to refer plaintiff for such tests, and the tests were

in fact conducted on March 23, 2005 by physicians associated with Open MRI of Elmira.

(Docket # 31). A report of the results of those tests has been filed with this Court under seal.

(Docket # 26, Exhibit B). In view of the fact that the relief sought by plaintiff has in fact been

provided, his motions to compel (**Docket ## 15, 16 and 21**) are **DENIED**.

Finally, with respect to plaintiff's motion for the appointment of counsel (Docket

## 12, 13 and 16), it is well-settled that there is no constitutional right to appointed counsel in

civil cases. Under 28 U.S.C. § 1915(e), however, the Court may appoint counsel to assist

indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865

F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion.

*In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding

whether or not to assign counsel include the following:

---

[2] It appears that "IAC with contrast" refers to internal auditory canals with gadolinium contrast. (*See* Docket # 26, Exhibit B).

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. Indeed, plaintiff thus far has failed to establish that the case is "likely to be of substance." *Hendricks*, 114 F.3d at 392. Moreover, the legal issues in this case do not appear to be complex, and plaintiff appears

4

fully able to conduct his own factual investigation and litigate his claims.  Further, plaintiff has

not demonstrated that the appointment of counsel would be more likely to lead to a just

determination in this matter.  Thus, plaintiff's motions for appointment of counsel **(Docket ## 12,**

**13 and 16)** are **DENIED** without prejudice at this time.  It is plaintiff's responsibility to retain an

attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.  In order to assist plaintiff

in the litigation of this matter, the Clerk of the Court is directed to send plaintiff a copy of the

pamphlet "Pro Se Litigation Guidelines."

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August   10  , 2005.