UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES PETTUS,

                Plaintiff,

     v.

M.D. LESTER WRIGHT, et al.,

                Defendants.

DECISION & ORDER

04-CV-6203L

---

By order dated January 21, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 14). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 58). Although plaintiff's motion is voluminous, he has not articulated any basis upon which he believes the appointment of counsel is warranted. Rather, attached to plaintiff's motion is a memorandum of law opposing defendants' pending motion for summary judgment. (*See* Docket # 49). Nevertheless, this Court has considered plaintiff's request for appointed counsel and finds that appointment of counsel is not appropriate at this time.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re*

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

> 1.  Whether the indigent's claims seem likely to be of substance;
>
> 2.  Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4.  Whether the legal issues involved are complex; and
>
> 5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

   The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

   The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff alleges that defendants have violated his Eighth Amendment rights by failing to

provide him with "proper and adequate medical attention/treatment." (Docket # 1). Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. Indeed, the legal issues in this case do not appear to be complex, and, based upon the multiple motions and pleadings submitted thus far, plaintiff appears fully able to litigate this matter on his own behalf. Further, plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination. Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 58)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
       May  19 , 2006.