UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES PETTUS,

                              Plaintiff,

                                                      DECISION AND ORDER

                                                      04-CV-6203L

              v.

LESTER WRIGHT, M.D., et al.,


                              Defendants.
_____


        Plaintiff, James Pettus, appearing *pro se*, commenced this action pursuant to 42 U.S.C.

§ 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services ("DOCS") alleges that his constitutional rights were violated in 2003 and 2004, while he

was confined at Elmira Correctional Facility. Specifically, plaintiff alleges that during the period

of time giving rise to this lawsuit, he was denied adequate medical treatment for a number of

conditions affecting his health, in violation of his rights under the Eighth Amendment to the United

States Constitution.

There are four defendants in this action, all of whom at all relevant times were physicians who examined or treated plaintiff:  Lester Wright, M.D.; Kamal Pathak, M.D.; Wesley Canfield, M.D.; and William Kelly, M.D.[1]  Defendants have moved for summary judgment.

## DISCUSSION

### I. Eighth Amendment Medical Claims:  General Principles

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'"  *Chance v. Armstrong*, 143 F.3d 698, 702 (2[d] Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2[d] Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)).  *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2[d] Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

---

[1]Doctors Wright, Kelly and Canfield were all employed by DOCS during the period in question.  Dr. Pathak was apparently an outside specialist to whom plaintiff was referred for a consultation.  *See* Defendants' Ex. A at 52-55.

Defendants Kelly and Canfield were originally named in a separate lawsuit filed by plaintiff in 2005.  By Order entered October 4, 2005, that action, 05-CV-6277, was consolidated with the instant action.

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component.  With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights.  With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights.  *Id.*  To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain.  *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable.  "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing

- 3 -

society," *id.* at 105-06.  It is clear, then, that allegations of malpractice alone do not state a constitutional claim.  *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

## II. Application to this Case

Applying these principles here, I find that defendants are entitled to summary judgment.  In support of their motion, defendants have submitted sworn declarations and documentary evidence outlining the treatment that was administered to plaintiff during the period in question.  That evidence makes clear that the treatment that plaintiff received was constitutionally adequate.

The record shows, for example, that:  plaintiff was examined by a number of physicians, including specialists; various tests, including MRIs, x-rays and hearing tests were performed on plaintiff; and he was administered various medications for his complaints, consistent with the test results.  *See* Defendants' Ex. A.  In response, plaintiff has shown only that he disagrees with the course of treatment that he received.  He also disputes defendants' contentions that plaintiff became abusive and argumentative during some of his medical visits.

Plaintiff's response to defendants' motion does not give rise to a genuine issue of material fact.  For one thing, as stated, plaintiff's subjective belief that his care was not adequate or correct

does not demonstrate deliberate indifference and does not give rise to an Eighth Amendment claim. *Flemming v. Wurzberger*, 490 F.Supp.2d 320, 324 (W.D.N.Y. 2007); *Goodson v. Evans*, 438 F.Supp.2d 199, 203 (W.D.N.Y. 2006).  In addition, even if, as plaintiff contends, he did not become disruptive during his medical visits, the fact remains that he received extensive treatment well beyond the constitutionally-required minimum.  The record thus demonstrates that plaintiff has made out neither the objective nor the subjective component of an Eighth Amendment claim.


                                      **CONCLUSION**


        Defendants' motion for summary judgment (Dkt. #49) is granted, and the complaint is dismissed.

        IT IS SO ORDERED.


                                        _____
                                             DAVID G. LARIMER
                                           United States District Judge


Dated: Rochester, New York
        October 2, 2007.


                                          - 5 -